*682 OPINION.
Love;
The petitioner contends that it acquired from the partnership of G. F. Coshland & Co., under the circumstances set forth in the findings of fact, good will of the value of $35,000, and that it is entitled to include that amount in its invested capital for the year *683 1918. It also claims the right to deduct from gross income for (lie year 1918, the amount of $11,494.50, as an allowance. for the obsolescence of its good will.
The record shows that in the year 1907, the petitioner purchased all of the assets of the partnership, paying therefor its capital stock of the par value of $125,000 and its promissory notes amounting to $41,060.01. The record herein does not disclose the value of the tangible assets so acquired, or of the intangible assets if there were any; nor is there any evidence as to the earnings of the partnership or other facts from which we can determine any value for alleged good will. In the absence of any admissions in the pleadings, or any evidence establishing a value for the alleged good will, we must approve the determination of the respondent in excluding from the petitioner’s invested capital the amount claimed on account of good will. St. Paul Steam Laundry v. Commissioner, 6 B. T. A. 529.
Since the petitioner has failed to establish that it had good will of any value, it follows that it is not entitled to deduct from gross income for the year 1918, any amount on account of obsolescence thereof. However, under decisions of the Board in the Appeal of Manhattan Brewing Co., 6 B. T. A. 952, and Appeal of Olt Bros. Brewing Co., 6 B. T. A. 974, the petitioner would not be entitled to any allowance for the obsolescence of good will even if its existence and its cost or March 1,1913, value had been established.

Judgment will he entered for the respondent.

Considered by Littleton and Tkussell.